# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD KEITH JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-838-JMS-DML |
| | ) | |
| GEO GROUP, K. BUTTS, | ) | |
| J. RANDALL, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

Plaintiff Richard Keith Johnson is an inmate currently confined at the New Castle Correctional Facility. He brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of the Eighth Amendment. He names the following defendants: J. Randall, Unit Team Manager; Keith Butts, Superintendent; and the GEO Group. He is seeking injunctive relief.

Because Johnson is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must screen his complaint as required by 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that the plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Johnson are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Id.* at 1965. That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

## II.

Johnson's complaint is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id.* at 394; *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald*, 128 F.3d 481,

489-90 (7th Cir. 1997). In this case, the complaint alleges that the conditions of confinement amount to a violation of the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825 (1994). The Court will address each of Johnson's claims in turn.

First, Johnson names the GEO Group as a defendant and in Count I alleging that it is the company's policy or practice to provide inadequate heat to the cells such that ice forms on the interior of the cell window and that he is forced to wait approximately fourteen (14) hours between meals. The GEO Group is a private corporation and is named because it runs the New Castle Correctional Facility. Because he is claiming these conditions exist based on the policy or practice of GEO Group, his complaint as to it may proceed.

Next, Johnson names J. Randall and Keith Butts as defendants. He claims in Count I that he wrote to Superintendent Butts about the erratic temperatures in the prison and that J. Randall responded to his letter. He seeks injunctive relief in the form of fixing the heat and cooling system in the range. Thus, it appears that these defendants were named because they responded to a letter about the allegedly erratic temperatures on the range where Johnson is housed. However, a letter is not sufficient to bring them into the zone of liability. If an official, who is not otherwise responsible for allegedly unconstitutional conditions or actions, could be held liable upon being notified by the plaintiff, then a plaintiff could choose to bring any and all officials within the scope of liability simply by writing a series of letters. To allow liability to be based upon "such a broad theory. . . [would be] inconsistent with the personal responsibility

requirement for assessing damages against public officials in a § 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982). Defendants J. Randall and Keith Butts are **dismissed**.

Finally, in Counts II and III, Johnson complains about his placement in the mental health unit. There is no feature of Johnson's allegations describing his confinement in the mental health unit which suggests treatment or conditions of confinement of sufficient severity as to have results in the denial of the minimal civilized measure of life's necessities or an Eighth Amendment violation. "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is make of 'genuine privations and hardship over an extended period of time.'" *Bell v. Wolfish*, 441 U.S. 520, 542 (1979). Moreover, an inmate has no due process right to be placed in general population. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 ( 1995)). The claims in Counts II and III are **dismissed without prejudice**.

Alternatively, to the extent Johnson is asserting a claim pursuant to the American with Disability Act (ADA) there is not sufficient facts to state a plausible claim. Further, if Johnson intended to assert an ADA claim it is misjoined. Johnson's different claims about the heat and food and being placed in the mental health unit violate the joinder of claims limitation of the *Federal Rules of Civil Procedure.* "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### III.

In summary, Count I against GEO Group regarding inadequate heat and excessive time between meals may proceed. Defendants J. Randall and Keith Butts are dismissed. Counts II and III are dismissed without prejudice, and to the extent Johnson intended to assert an ADA claim,

he is must do so through a separate action. The clerk is instructed to include a prisoner civil rights complaint form along with plaintiff's copy of this action.

**IV.**

**The clerk** is designated pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the defendant in the manner specified by Rule 4(d)(1). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 06/23/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Richard Keith Johnson, #926081
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana 47362

GEO Group
New Castle Correctional Facility
P.O. Box A
New Castle, Indiana 47362

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.