UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RICHARD KEITH JOHNSON, )
)
       Plaintiff, )
)
   v. ) Case No. 1:14-cv-838-JMS-DML
)
GEO GROUP, )
)
       Defendant. )

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Richard Keith Johnson, an inmate at the New Castle Correctional Facility, brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendant GEO Group has a policy or practice to provide inadequate heat and to allow excessive time to pass between meals. Arguing that Johnson failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA"), GEO Group moves for summary judgment.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Johnson has failed to respond to the motion for summary judgment. By not responding properly and with evidentiary materials, Johnson has conceded the defendant's version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(e), of which Johnson was notified [dkt. 18]. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Discussion

A. *Undisputed Facts*

Johnson has been incarcerated at the New Castle Correctional Facility since January of 2014. In his complaint, Johnson alleges that while he was housed on the 500, 600, and 800 ranges, there was no heat provided in each range. Johnson further alleges that food tray/snacks were not appropriate and there were times when 14 hours would pass between cell meal service times.

The New Castle Correctional Facility has a grievance procedure. Pursuant to this procedure, set forth in the Indiana Department of Correction Manual of Policies and Procedures, Offender Grievance Process, No. 00-02-301, an inmate must file a formal grievance on a prescribed form within 20 working days of the date of the incident giving rise to the complaint or concern. The Offender Grievance Case Management System is used to track, number, memorialize, and record all grievances field by inmates at the New Castle Correctional Facility.

There is an Executive Assistant that oversees the operation of the Offender Grievance Process. At New Castle, that person is Mike Smith. Smith has designated two other individuals to assist with the offender grievance process, Jennifer Smith and Holly Strong.

Jennifer Smith reviewed all information relating to Johnson within the Offender Grievance Case Management System, as well as Johnson's records that contain any rejected grievances.

There are no grievances filed by Johnson in the Offender Grievance Case Management System or in Johnson's records relating to the temperature of his cell or the duration of time between cell meal service.

B. *Exhaustion of Administrative Remedies*

GEO Group argues that Johnson's claim must be dismissed because he failed to exhaust his available administrative remedies with respect to his claim. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The defendant has shown that Johnson did not exhaust his available administrative remedies as required by the PLRA. Johnson did not submit any grievances related to this claim in his complaint. Johnson has not responded to the motion for summary judgment and therefore has not disputed these facts. It is therefore undisputed that Johnson failed to exhaust his available

administrative remedies with regard to his claim in this case. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Johnson's claims should not have been brought and must now be dismissed without prejudice. *See Pozo*, 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

The defendant's motion for summary judgment [dkt. 15] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: January 9, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard Keith Johnson, #926081
Pendleton Treatment Center
4490 W. Reformatory Rd.
Pendleton, IN 46064-9001

All electronically registered counsel